[Civ. No. 20058. Third Dist. Mar. 18, 1981.]

JAMES ROLEN, Plaintiff and Appellant, v.
ROBERT RHINE et al., Defendants and Appellants.

---

COUNSEL

Moss & Enochian and Steven R. Enochian for Plaintiff and Appellant.

Friedman & Lau and Richard L. Kimbell for Defendants and Appellants.

---

OPINION

**PARAS, Acting P. J.**—Plaintiff James Rolen, respondent and cross-appellant herein, moves to dismiss the appeal of defendants, Robert Rhine and Virginia Rhine, on the ground that their notice of appeal was untimely.

The judgment was entered on June 25, 1980. On July 7, plaintiff filed a notice of intention to move to vacate the judgment under Code of Civil Procedure section 663. The notice was served upon defendants, and included a notice of entry of judgment.[1] Thereafter, on August 6, plaintiff filed a notice of withdrawal of the motion. Also on August 6

---

[1]Actually there was one document only captioned "NOTICE OF INTENTION TO FILE MOTION TO VACATE AND ENTER DIFFERENT JUDGMENT." However, its language unequivocally refers to the judgment, including date and book and page number, and advises of its existence. We construe it as an adequate notice of entry under California Rules of Court, rule 2.

the court served on all counsel its own notice of entry of judgment. Defendants' notice of appeal was filed September 26, and on October 8, 1980, plaintiff filed notice of cross-appeal.

The normal time for filing a notice of appeal is fixed by California Rules of Court, rule 2, as "within 60 days after the date of mailing notice of entry of judgment by the clerk of the court . . . or within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal, or within 180 days after the date of entry of the judgment, whichever is earliest, unless the time is extended as provided in rule 3."

Rule 3(b) provides that where "a valid notice of intention to move to vacate a judgment or to vacate a judgment and enter another and different judgment is served and filed by any party on any ground within the time in which, under rule 2, a notice of appeal may be filed . . . and the motion is denied or not decided by the superior court within 150 days after entry of the judgment, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after entry of the order denying the motion to vacate or until 180 days after entry of the judgment, whichever shall be less." Rule 3(c) provides that where a timely notice of appeal is filed within the limits of the period provided in rule 2 or as extended by rule 3, "any other party may file a notice of appeal within 20 days after mailing of notification by the superior court clerk of such first appeal or within the time otherwise prescribed by the applicable subdivision, whichever period last expires . . . ."

Applying the foregoing rules to the notices of appeal and cross-appeal in the instant matter, we conclude that both are jurisdictionally defective.

Under rule 2, the time period within which defendants could appeal began to run upon service on them of plaintiff's motion to vacate. That motion, filed July 7, included a notice of entry of judgment within the meaning of rule 2(a). Had the notice of entry alone been served, defendants' last date for filing notice of appeal would have been September 5, but the interposition of the motion to vacate served to make the provisions of rule 3(b) potentially operative. Under subdivision (b) defendants' time for filing notice of appeal was extended to 30 days after entry of the order denying the motion but still not more than 180 days after entry of judgment.

However, plaintiff chose to withdraw his motion on August 6, notwithstanding that the trial court had not yet ruled on it. Since the motion to vacate thus lost its viability, its withdrawal was the equivalent of denial; we hold that the 30-day and 180-day provisions of rule 3(b), controlled the time for filing notice of appeal, subject to the condition that in no way could that rule operate to shorten the normal period set forth in rule 2. The applicable period under rule 3(b) expired on September 5. As above noted, the normal appeal period, which started to run upon plaintiff's service of the notice of entry of judgment, also expired on September 5. Defendants' notice of appeal of September 26, 1980, was thus too late. In reaching this conclusion, we have considered but rejected defendants' contention that the rule 3(b) period could not commence to run until expiration of the 150-day period provided by that rule. The rule's wording is not at all susceptible of such a construction.

Although no motion to dismiss the cross-appeal has been made, we find it necessary on our own motion to order such dismissal in view of our holding that the notice of appeal was untimely. It necessarily follows that the notice of cross-appeal of October 8 was untimely under rule 3(c), and was also untimely as a notice of appeal under rule 2.

The appeal and cross-appeal are dismissed.

Blease, J., and Carr, J., concurred.