[No. H005188. Sixth Dist. Jan. 27, 1989.]

HELEN O'DONNELL, Petitioner, v.
THE MUNICIPAL COURT OF MONTEREY COUNTY,
Respondent;
JAMES L. WATSON, Real Party in Interest.

---

**COUNSEL**

Don Roberson, Dewar & Rockwood and Terry G. Rockwood for Petitioner.

No appearance for Respondent.

Gary E. Gray, Timothy J. Walsh and Thompson, Hubbard, Schwartz, Ometer & Gray for Real Party in Interest.

---

**OPINION**

**PREMO, J.**—Petitioner Helen O'Donnell seeks a writ of mandate ordering the Superior Court of Monterey County to issue a writ of mandate to the Monterey County Municipal Court compelling it to treat O'Donnell's notice of appeal as timely filed and to proceed with assembling the record. For efficiency, we treat the petition as one for mandate directed to the municipal court. We will issue the writ, for reasons to be stated.

The issue is whether O'Donnell's notice of appeal from a municipal court judgment was timely filed. More specifically, the question is whether the appellant's withdrawal of her motions for new trial and to vacate the judgment is the equivalent of the trial court's denial of those motions, for purposes of court rules which extend the time to notice the appeal until 15 days after the trial court denies such motions.

The facts are undisputed: the notice of entry of the judgment against O'Donnell in municipal court was mailed on July 27, 1988. She filed notice of motions to vacate the judgment, and for new trial, on July 28, 1988. (These motions were brought under Code Civ. Proc., §§ 659, 661, 663.) On September 2, 1988, a hearing was held on O'Donnell's request for a continuance of the hearing on the motions. At that hearing, according to the declaration of O'Donnell's attorney, the following took place: "At that hearing [on the motions], I requested time to respond to Plaintiff's opposition. . . . My request for time to respond in writing was denied. The Court

offered to go forward then or to continue the matter to allow me time to digest Plaintiff's authorities. A continuance was ordered for further hearing on September 14, 1988.

"The Court stated that in its opinion, its judgment had been generous to my client and mentioned the susceptibility of my client to an order whereby she would be obligated to pay to Plaintiff $20,000.00 for fixtures removed by Petitioner, found in the original judgment to have been proper. The Court clearly warned me that if Petitioner's motions were pursued that it would order a judgment more favorable to Plaintiff than originally ordered.

"In view of the Court's statements, the motion was later dropped from calendar."

Following this hearing, O'Donnell formally withdrew her motions by letter to the court filed September 13, 1988. She then attempted to file a notice of appeal from the judgment on September 23, 1988. The municipal court clerk refused to file the notice, because it was untimely. The appellate department of the superior court denied a writ of mandate, stating that the notice of appeal was not filed within 30 days of notice of entry of judgment, and California Rules of Court, rule 123(a) did not extend the time for filing. "The motion which would bring a stay of time for filing was not denied by the Court or by operation of law. Denial of such motion is a condition of the stay. The motion was withdrawn, not denied."

## DISCUSSION

The California Rules of Court which govern this matter are as follows: Rule 122(a) provides that a notice of appeal from municipal court must be filed within 30 days of notice of entry of judgment. Rule 123(a) provides that when a motion for new trial is filed, the time for filing the notice of appeal is extended "until 15 days after either entry of the order denying the motion or denial thereof by operation of law, but in no event . . . later than 90 days after the date of entry of the judgment . . . ." Rule 123(b) provides that when a motion to vacate the judgment is filed "and the motion is denied or not decided by the trial court within 75 days after entry of the judgment, the time for filing the notice of appeal from the judgment is extended . . . until 15 days after entry of the order denying the motion to vacate or until 90 days after entry of the judgment, whichever shall be less."

Here we have an event not mentioned in the rules: the appellant withdrew both motions. She did so after the trial judge said from the bench that if the motions were pursued, he would deny them and he might even rehear the matter and award more money to the winning plaintiff.

■ We conclude that the withdrawal of the motions was the equivalent of denial of the motions for purposes of the timeliness of the notice of appeal. The actual effect is the same in either case. A decision from the Third Appellate District reaches the same result in construing California Rules of Court, rule 3, which applies to appeals from the superior court, but contains essentially identical language to that involved in rule 123 here. In that decision (*Rolen* v. *Rhine* (1981) 117 Cal.App.3d 23 [172 Cal.Rptr. 456]), the plaintiff moved to vacate a superior court judgment and then withdrew the motion. The defendant later noticed an appeal. Examining rule 3(b), which provides the same extension of time as provided by rule 123(b), the court concluded that "[s]ince the motion to vacate thus lost its viability [when withdrawn], its withdrawal was the equivalent of denial . . . ." (117 Cal.App.3d at p. 26.) However, since in *Rolen* the defendant's notice of appeal was beyond even the extension conferred by rule 3(b), the appeal was found to be untimely. Nevertheless, in reaching that result the court had to and did conclude that the withdrawal of the motion to vacate was the equivalent of its denial for purposes of the language conferring the extension of time.

Watson seeks to distinguish *Rolen* on the ground that there, although the plaintiff withdrew the motion to vacate, the *defendant* was the appellant. Hence, he argues, had the *Rolen* court not treated the plaintiff's motion to vacate as extending the time to appeal until 30 days after the date of withdrawal, the plaintiff could have created a trap for the defendant by simply withdrawing the motion after it was too late for the defendant to notice an appeal. However, the brief decision in *Rolen* does not discuss such a hypothetical situation, and attaches no significance to the fact that the appellant was not the person who made the motion to vacate the judgment. To the contrary, the entire rationale of the case is expressed in the terse statement quoted above, that withdrawal is the equivalent of denial.

Moreover, as a policy matter, we feel it is unwise to penalize O'Donnell for dropping a hopeless motion and proceeding with the appeal, an action which saved time for everyone. It would have been inefficient to have required her to wait until the hearing and denial of the motions, a waste of everyone's time. Watson rejoins that if in general we treat the withdrawal of such motions as giving an extension of time to appeal, then parties could file such motions though they were groundless, with no intention of doing anything other than obtaining an extension of time to notice the appeal. But we feel as a practical matter this is a relatively unlikely possibility.

Our construction of California Rules of Court, rule 123(b), equating withdrawal of a motion with its denial, is in accordance with the general policy resolving doubtful cases in favor of the right of appeal. (E.g., *Thomp-*

*son, Curtis, Lawson & Parrish* v. *Thorne* (1971) 21 Cal.App.3d 797, 801 [98 Cal.Rptr. 753].) Nor will the result breed undue delay, since the extension can in no case exceed the 90-day outer limit provided by the rule.

Accordingly, we treat O'Donnell's withdrawal of her motions as the equivalent of their constructive denial. Since she withdrew the motions on September 13, 1988, the notice of appeal filed on September 23, 1988, was within 15 days of the "denial" of the motions for purposes of the court rules and was timely.

Real party in interest has been notified that a peremptory writ in the first instance could be issued here, and he has filed opposition. The peremptory writ of mandate will issue in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-182 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a writ of mandate issue directing the Municipal Court of Monterey County to treat O'Donnell's notice of appeal in this matter as timely filed on September 23, 1988, and to proceed to process the record on appeal in accordance with law. For purposes of establishing time limits for preparation of the record and other matters germane to the appeal, the parties shall treat the date this opinion becomes final as the equivalent of the date of filing of the notice of appeal for purposes of the applicable statutes and rules. As prevailing party in this matter, O'Donnell shall recover costs of this proceeding.

Brauer, Acting P. J., and Capaccioli, J., concurred.