IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

JUL 10 2008

COURT OF APPEALS
DIVISION TWO

CHARLES HAROUTUNIAN,                )
                                    )        2 CA-CV 2007-0090
    Plaintiff/Appellee/Cross-Appellant,   )    DEPARTMENT A
                                    )
        v.                          )        O P I N I O N
                                    )
VALUEOPTIONS, INC.,                 )
                                    )
    Defendant/Appellant/Cross-Appellee.   )
                                    )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20045138

Honorable John F. Kelly, Judge

REVERSED AND REMANDED

Fein, Flynn & Associates, P.C.
  By James A. Fein and Joey A. Flynn                           Tucson

and

Law Office of Scott E. Boehm, P.C.
  By Scott E. Boehm                                           Phoenix
                                                        Attorneys for
                                    Plaintiff/Appellee/Cross-Appellant

Norling, Kolsrud, Sifferman & Davis, P.L.C.
  By Russell A. Kolsrud, Mark S. Sifferman,                  Scottsdale
     and Lisa Mills                                      Attorneys for
                                    Defendant/Appellant/Cross-
                                                            Appellee

P E L A N D E R, Chief Judge.

¶1        Appellant/cross-appellee ValueOptions, Inc., appeals from the trial court's

denial of its motion to extend the time to appeal, made pursuant to Rule 9(a), Ariz. R. Civ.

App. P. (ARCAP), and its motion to enlarge time to file post-judgment motions, made

pursuant to Rule 6(b), Ariz. R. Civ. P.[1]  It also asserts that the court erred in admitting expert

testimony and that the evidence did not support the jury verdict in favor of appellee/cross-

appellant Charles Haroutunian.  In his cross-appeal, Haroutunian challenges the trial court's

denial of his request for attorney fees and costs.  For the reasons stated below, we reverse

the court's denial of ValueOptions' motions under ARCAP 9(a) and Rule 6(b) and remand

the case for further proceedings.

**Background**

¶2        The facts pertinent to our resolution of this appeal are undisputed.  After

Haroutunian attempted suicide in 2002, his family successfully petitioned for court-ordered

mental health treatment for him.   In 2004, Haroutunian filed this action against

ValueOptions, asserting that it had been "under Court order to provide for [his] mental

health care and supervision" and had negligently failed to do so to his detriment.

Haroutunian also alleged that ValueOptions' conduct was "elder abuse or neglect under

---

[1]In this opinion and dissent, the Arizona Rules of Civil Appellate Procedure are referred to as "ARCAP," and otherwise any reference to "Rule" will mean the Arizona Rules of Civil Procedure.

Arizona State law." *See* A.R.S. § 46-455(B), (Q). After a four-day jury trial in November 2006, the jury found in Haroutunian's favor and awarded him $365,000 in damages. The jury found ValueOptions bore eighty-five percent of the fault and allocated the remainder to a designated nonparty at fault.

¶3            Following the jury verdict in his favor, Haroutunian filed a motion requesting attorney fees and costs. After hearing argument, the trial court denied the motion in a minute entry dated February 20, 2007, and filed February 22. In that minute entry, the court stated it would "sign the form of judgment submitted by [Haroutunian] after deleting the costs and attorney's fees" contained in the proposed judgment.[2] The court signed the judgment on February 20, and the record shows it was filed the following day. On February 22, a legal assistant to ValueOptions' attorney called the Clerk of the Pima County Superior Court and was told by someone in that office that no judgment had been entered and that there had been "no activity" in the case since February 14. On February 26, Haroutunian moved for reconsideration of the trial court's denial of his motion for attorney fees and costs. After ordering a response, the court ultimately denied the motion on May 3.

¶4            Although the signed judgment was filed on February 21, the court clerk failed to comply with her obligation to immediately distribute notice of the entry of judgment to

[2]At the close of trial on November 14, 2006, the trial court ordered Haroutunian's counsel to prepare a form of judgment. Although the record does not include any notice of lodging or service of a proposed form of judgment, *see* Ariz. R. Civ. P. 58(a), (d), the judgment itself suggests that Haroutunian's counsel might have sent the proposed form of judgment to ValueOptions' counsel sometime in December 2006.

the parties, as required by Rule 58(e). That notice, dated March 21, was filed and apparently finally mailed to the parties on March 27, well past both the fifteen-day deadline for filing post-trial motions for judgment as a matter of law or for a new trial, *see* Ariz. R. Civ. P. 50(b), 59(d), and the thirty-day limit for filing a notice of appeal. *See* ARCAP 9(a). On April 2, after having eventually received the clerk's belated notice of the entry of judgment, ValueOptions timely filed its motion under ARCAP 9(a), seeking to expand the time to appeal.[3] That motion also included a request, pursuant to Rule 6(b), to enlarge the time for filing post-trial motions. The trial court denied both requests on May 3, the same day it also denied Haroutunian's motion for reconsideration of its prior denial of his request for attorney fees and costs.

¶5        On May 29, ValueOptions filed its notice of appeal from the trial court's February 21 judgment and its May 3 order denying ValueOptions' requests for enlargement of time under ARCAP 9(a) and Rule 6(b). Haroutunian filed his notice of cross-appeal on June 8. We have jurisdiction of ValueOptions' appeal from the trial court's May 3 order pursuant to A.R.S. § 12-2101(C).

---

[3]Under ARCAP 9(a), a party must file a motion to extend the time for appeal "not later than 30 days after the expiration of the time for appeal, or within 7 days of receipt of [the clerk's] notice [of entry of judgment], whichever is earlier." It is undisputed that ValueOptions filed its motion within the time allowed.

**Discussion**

**1. Denial of motion to extend appeal time under ARCAP 9(a)**

¶6 ValueOptions first argues the trial court erred by denying its motion pursuant to ARCAP 9(a) to extend the deadline for filing its appeal. We review the denial of such a motion for an abuse of discretion. *See United Metro Materials, Inc. v. Pena Blanca Props., L.L.C.*, 197 Ariz. 479, ¶¶ 18, 22, 4 P.3d 1022, 1025, 1026 (App. 2000). But we review de novo questions involving the interpretation of court rules and "evaluate procedural rules using principles of statutory construction." *Fragoso v. Fell*, 210 Ariz. 427, ¶¶ 7, 13, 111 P.3d 1027, 1030, 1032 (App. 2005); *see also State v. Hansen*, 215 Ariz. 287, ¶ 7, 160 P.3d 166, 168 (2007) (principles of statutory construction used to interpret court rules). In addition, we interpret court rules "in accordance with the intent of the drafters, and we look to the plain language of the . . . rule as the best indicator of that intent." *Fragoso*, 210 Ariz. 427, ¶ 7, 111 P.3d at 1030. If the language of a rule is ambiguous, however, we may consider "a variety of elements, including the rule's context, the language used, the subject matter, the historical background, the effects and consequences, and its spirit and purpose," to determine the framers' intent. *State ex rel. Romley v. Superior Court*, 168 Ariz. 167, 169, 812 P.2d 985, 987 (1991); *see also Vega v. Sullivan*, 199 Ariz. 504, ¶ 8, 19 P.3d 645, 648 (App. 2001).

¶7 Under Rule 58(a), "[t]he filing with the clerk of the judgment constitutes entry of such judgment, and the judgment [generally] is not effective before such entry."

5

Therefore, the trial court's February 20 minute entry, in which the court stated it would "sign the form of judgment submitted by [Haroutunian] after deleting the costs and attorney's fees," neither constituted formal entry of the judgment nor specified when the judgment would be signed or, more importantly, filed. The date of filing, or entry, of judgment is critically important, however, because it typically commences the running of the time for filing post-trial motions, *see* Ariz. R. Civ. P. 50(b), 59(d), 59(*l*), or prosecuting an appeal, *see* ARCAP 9(a). Thus, the date a judgment actually is entered will determine whether a notice of appeal or motions for post-judgment relief are timely. *See DNB Constr., Inc. v. Superior Court*, 125 Ariz. 61, 62, 607 P.2d 380, 381 (1980); *City of Tucson v. Wondergem*, 4 Ariz. App. 291, 292, 419 P.2d 552, 553 (1966).

¶8         Rule 58(e), Ariz. R. Civ. P., requires the trial court clerk to distribute to all parties, "[i]mmediately upon the entry of a judgment," "a notice of the entry of judgment stating the date of entry." Pursuant to ARCAP 9(a),

> If [a trial] court finds that (1) a party entitled to notice of entry of judgment did not receive such notice from the clerk or any party within 21 days of its entry and (2) no party would be prejudiced, the court may upon motion . . . extend the time for appeal for a period not to exceed 14 days from the date of the order granting the motion.

Our supreme court added that provision in 1994 when it amended ARCAP 9(a) and other procedural rules, including Rule 6(b), in order "'to address a problem experienced by practitioners, whereby they were not receiving notice of entry of judgment in some cases and their clients' rights to appeal were jeopardized.'" *J.C. Penney v. Lane*, 197 Ariz. 113, ¶ 18,

6

3 P.3d 1033, 1037 (App. 1999), *quoting* ARCAP 9(a) court cmt. to 1994 amend., 178 Ariz. LX (1994). Based on its comment to the 1994 amendment, the supreme court clearly intended to grant trial courts increased flexibility in this area and relax the standards for extending a party's time to appeal when the conditions set forth in ARCAP 9(a) are met. *See J.C. Penney*, 197 Ariz. 113, ¶ 20, 3 P.3d at 1037 ("Courts have now been given discretion to extend the time for appeal upon a party's showing of the bare failure to receive the clerk's notice without its having to show additionally the compelling circumstances or any other circumstances provided in Rule 60(c), [Ariz. R. Civ. P.,] but under the very limited time constraints and other circumstances provided in amended [ARCAP] Rule 9(a).").

¶9        The trial court found as an undisputed fact that ValueOptions "did not receive notice of entry of judgment from the clerk or any party within twenty-one (21) days of entry."[4] The court also found that Haroutunian had not shown prejudice. It nonetheless denied ValueOptions' motion to extend the time for filing its appeal, "for the same reason [it] refused to extend the time for filing post-trial motions." That refusal, in turn, was based

---

[4]Rule 58(e) also permits "[a]ny party [to] . . . serve a notice of such entry [of judgment] in the manner provided in Rule 5 for the service of papers." *See State v. Empire Am. Bail Bonds, Inc.*, 191 Ariz. 218, n.1, 953 P.2d 1271, 1273 n.1 (App. 1998) (clerk's duty to distribute notice of entry of judgment is "mandatory," whereas party's ability to serve such notice is "permissive"). Any party may use that permissive option to either prevent another party from obtaining an extension of time within which to appeal "or minimize the period during which one can be sought and secured." Daniel J. McAuliffe, *Arizona Civil Rules Handbook* at 682 (2008). Haroutunian did not exercise that option here, presumably because he, like ValueOptions, was unaware that any judgment had been filed until sometime in late March 2007, when the clerk finally notified the parties of the entry of judgment.

7

on ValueOptions' failure to show "excusable neglect" under Rule 6(b); the court concluded that "[a] reasonable attorney would have called the judge's chambers or placed another call to the clerk or taken other appropriate steps before the time limits expired to make sure that a judgment had not been entered." In denying any extension of the time to appeal under ARCAP 9(a), the court also stated that ValueOptions "has not shown good cause."

¶10 We preliminarily address and reject Haroutunian's alternative arguments seeking to uphold the trial court's ruling on different grounds. He contends the court's February 20 minute entry qualified as a "notice of entry of judgment" by "a minute entry," a form of notice authorized by Rule 58(e). But the February 20 minute entry merely indicated the trial court would sign the judgment; it did not reflect entry of the judgment, which occurs when the judgment is file-stamped by the clerk. *See Valley Nat'l Bank v. Meneghin*, 130 Ariz. 119, 123 n.3, 634 P.2d 570, 574 n.3 (1981) ("the court *renders* judgment, . . . and the clerk of the court *enters* the judgment"); *see also Schoenfelder v. Ariz. Bank*, 161 Ariz. 601, 604, 780 P.2d 434, 437 (App. 1989), *vacated in part on other grounds*, 165 Ariz. 79, 796 P.2d 881 (1990); *see also* Ariz. R. Civ. P. 58(a). The judgment here was entered on February 21, but the clerk did not mail notice of that entry until March 27.

¶11 We also find meritless Haroutunian's contention that he "clearly would have been prejudiced if the trial court had allowed untimely post-trial motions and an appeal." Haroutunian does not challenge the trial court's finding that he had failed to show prejudice,

8

nor does he cite the record to support his contention on appeal. *See* ARCAP 13(a)(6), (b). In short, Haroutunian has neither argued nor established that the trial court clearly erred in finding he would not be "prejudiced by the appeal being delayed rather than timely." *Lennar Corp. v. Auto-Owners Ins. Co.*, 214 Ariz. 255, ¶ 55, 151 P.3d 538, 552 (App. 2007); *see Federoff v. Pioneer Title & Trust Co.*, 166 Ariz. 383, 388, 803 P.2d 104, 109 (1990) (appellate court will sustain trial court's factual findings unless "clearly erroneous or unsupported by any credible evidence"); *Davis v. Davis*, 143 Ariz. 54, 58, 691 P.2d 1082, 1086 (1984) (finding absence of prejudice when appellee informed promptly after trial of appellant's intent to appeal).

¶12        We turn now to ValueOptions' arguments. It first contends the trial court abused its discretion by improperly requiring it to show "good cause" and "excusable neglect" to obtain relief under ARCAP 9(a). We agree. As ValueOptions correctly notes and Haroutunian acknowledges, ARCAP 9(a) does not require a party to demonstrate good cause as a condition for obtaining an extension of time to appeal. *See J.C. Penney*, 197 Ariz. 113, ¶ 20, 3 P.3d at 1037. By requiring such a showing, the court essentially imposed an additional element for relief that the language of the rule does not require and its drafters did not intend.

¶13        Because the trial court's ruling was based on an incorrect legal standard, the court abused its discretion in denying ValueOptions' motion to extend its time to appeal under ARCAP 9(a) on the ground stated. *See Webb v. Omni Block, Inc.*, 216 Ariz. 349, ¶ 6,

9

166 P.3d 140, 143 (App. 2007) ("An abuse of discretion exists when the court commits an error of law in reaching a discretionary conclusion."); *see also State v. Chapple*, 135 Ariz. 281, 297 n.18, 660 P.2d 1208, 1224 n.18 (1983) (appellate court not bound by trial court's discretionary rulings when "the facts or inferences from them are not in dispute and where there are few or no conflicting procedural, factual or equitable considerations"); *Marco C. v. Sean C.*, 218 Ariz. 216, ¶ 4, 181 P.3d 1137, 1139 (App. 2008) ("To soundly exercise its discretion, the court must also correctly apply the law.").

¶14　　　　In support of the trial court's ruling, Haroutunian correctly points out that relief under ARCAP 9(a) "is discretionary, not mandatory."  Likewise, the dissent emphasizes the broad discretion a trial court has in ruling on requests for extensions of time under that rule.[5]  In our view, however, that discretion does not permit a trial court to incorporate an incorrect legal standard, in contravention of the rule's express language and purpose, when determining whether the rule authorizes an extension of time to appeal.

---

[5]As the dissent correctly notes, *see* ¶¶ 33, 45, *infra*, Division One of this court has recognized a trial court's discretion under both ARCAP 9(a) and Rule 6(b), Ariz. R. Civ. P.  *See United Metro Materials, Inc. v. Pena Blanca Props., L.L.C.*, 197 Ariz. 479, ¶¶ 18-19, 4 P.3d 1022, 1025 (App. 2000).  In that same case, however, the court found sufficient for time-extending relief under those rules "counsel's avowal that he did not receive notice of the entry of judgment" and the lack of any alleged prejudice to the appellee. *Id.* ¶¶ 21-22. The court did not suggest that any other factors such as good cause or excusable neglect played any permissible or relevant role in a trial court's exercise of discretion under ARCAP 9(a) or Rule 6(b).  Rather, the court noted that those rules merely "concern themselves with whether the notice of the judgment is 'received,' not with whether it was sent." *Id.* ¶ 22.

**¶15** Haroutunian and the dissent also emphasize the trial court's determination that, under the circumstances presented here, "[a] reasonable attorney would have called the judge's chambers or placed another call to the clerk or taken other appropriate steps before the time limits expired to make sure that a judgment had not been entered." That determination, however, was not based on any evidence presented below or any weighing of conflicting facts. Therefore, the trial court's statement was simply a conclusion, not a factual finding. And, because that conclusion was not "based on an assessment of conflicting procedural, factual or equitable considerations which vary from case to case and which can be better determined or resolved by the trial judge," we do not owe it any particular deference. *Chapple*, 135 Ariz. at 297 n.18, 660 P.2d at 1224 n.18.

**¶16** In addition, the trial court's conclusion overlooks several significant and undisputed facts. As the court correctly noted, both parties received its February 20, 2007, minute entry, in which the court stated it would revise and "sign the form of judgment submitted by [Haroutunian]." But, again, that minute entry did not state that the court had signed the judgment, nor did it indicate when the judgment would be signed or entered. *Cf. Lennar Corp.*, 214 Ariz. 255, ¶ 53, 151 P.3d at 552 (upholding order reentering judgment so party could timely appeal and noting, inter alia, that trial court previously "did not issue a minute order that the judgment *had been signed* as it had done with respect to the judgments in favor of the other defendants") (emphasis added). And, as ValueOptions aptly

11

observes, notwithstanding the February 20 minute entry, both parties "believed that no Judgment had been entered and conveyed this belief to the Court without correction."

¶17 For example, when Haroutunian moved on February 26 for reconsideration of the court's denial of his request for attorney fees, he stated the trial court "has not yet signed the judgment and the case has not been resolved." Similarly, Haroutunian stated in that motion that "[t]he time for the filing of an appeal has not even begun to toll." The trial court's ruling of March 1, 2007, ordering ValueOptions to file a response to Haroutunian's motion for reconsideration did not address or correct those statements.[6] In the interim, the clerk's office provided inaccurate or misleading information when it informed ValueOptions on February 22 that no judgment had been entered. And it is undisputed that the clerk failed to timely distribute to the parties notice of the entry of judgment, as required by Rule 58(e); that ValueOptions timely moved for relief under ARCAP 9(a) after it finally received that notice; and that ValueOptions timely appealed from the trial court's order denying its motion to extend the appeal time under ARCAP 9(a).

¶18 Under the circumstances presented here, in which both parties were unaware that a judgment had been entered until well after expiration of the time for filing both post-trial motions and a notice of appeal, the trial court's ruling is inconsistent with the less

---

[6]Contrary to the dissent's assertion in ¶ 43, *infra*, we do not suggest the trial court had any such duty to do so. But the uncorrected statements by Haroutunian, at a minimum, arguably misled ValueOptions to reasonably believe no judgment had been entered and contributed to the circumstances warranting relief under ARCAP 9(a).

12

stringent standards set forth in ARCAP 9(a).[7] We find support for our conclusion in *Nunley v. City of Los Angeles*, 52 F.3d 792 (9th Cir. 1995). There, the Ninth Circuit Court of Appeals interpreted Rule 4(a)(6), Fed. R. App. P., which is similar to ARCAP 9(a).[8] Rule 4(a)(6) provides that a "district court may reopen the time to file an appeal" only if the court

[7]In addition, even if due diligence or excusable neglect were relevant inquiries under ARCAP 9(a), ValueOptions arguably made such a showing. *See Lennar Corp. v. Auto-Owners Ins. Co.*, 214 Ariz. 255, ¶¶ 53-54, 151 P.3d 538, 552 (App. 2007); *J.C. Penney v. Lane*, 197 Ariz. 113, ¶¶ 2-8, 21, 3 P.3d 1033, 1034-35, 1037 (App. 1999); *cf. City of Phoenix v. Geyler*, 144 Ariz. 323, 332, 697 P.2d 1073, 1082 (1985) (finding "quite unique and compelling" circumstances probably would warrant delayed appeal even though "counsel did not attempt to learn the date of entry of judgment" and "the reason for his failure to do so was the erroneous interpretation of the [trial court's] order and resulting mistake in computing time"); *DNB Constr., Inc. v. Superior Court*, 125 Ariz. 61, 63, 607 P.2d 380, 382 (1980) ("A party should be able to rely upon the mail for notice and should not be required to contact the [court] every day to ascertain if judgment has been entered."). That the trial court concluded otherwise based on undisputed facts, rather than on a weighing and resolution of any conflicting evidence, does not preclude an appellate court from reaching a different conclusion on questions of due diligence or excusable neglect. *See, e.g., Davis v. Davis*, 143 Ariz. 54, 59, 691 P.2d 1082, 1087 (1984) (reversing trial court's order refusing to vacate judgment to permit appeal and noting "[k]nowledge of the pendency of judgment and notice of entry of judgment cannot . . . be equated"); *Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117, 121, 317 P.2d 550, 552 (1957) (overturning trial court's refusal to set aside default judgment, supreme court noted when "undisputed facts and circumstances as shown in this case require a contrary ruling as a matter of law this court will reverse"); *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 164, 871 P.2d 698, 711 (App. 1993) (concluding trial court abused discretion in not finding excusable neglect for party's untimely response to motion for summary judgment; determining instead that party's "conduct . . . does not seem unreasonable under these facts").

[8]It is appropriate to look to federal courts' interpretations of federal rules that mirror Arizona rules. *See Geyler*, 144 Ariz. at 328, 697 P.2d at 1078 (adopting criteria established by Ninth Circuit for evaluating "whether to allow a delayed appeal" and noting "other courts have become less devoted to applying the strict letter of procedural law and more concerned with equitable disposition on the merits"); *Jenney v. Ariz. Express, Inc.*, 89 Ariz. 343, 349, 362 P.2d 664, 668 (1961); *Green v. Nygaard*, 213 Ariz. 460, n.3, 143 P.3d 393, 397 n.3 (App. 2006).

finds the moving party did not receive within twenty-one days notice the judgment had been entered pursuant to Rule 77(d), Fed. R. Civ. P., and "no party would be prejudiced."[9] In vacating the district court's denial of relief under Rule 4(a)(6), the Ninth Circuit held "the concept of excusable neglect has no place in the application of Rule 4(a)(6)." 52 F.3d at 798. The court reasoned that applying excusable neglect principles to Rule 4(a)(6) would "'subvert the central purpose'" of the rule, which was "'to permit district courts to ease strict sanctions now imposed on appellants whose notices of appeal are filed late because of their failure to receive notice of entry of a judgment.'" *Id., quoting Avolio v. County of Suffolk*, 29 F.3d 50, 53 (2d Cir. 1994) (internal quotations omitted). In light of our supreme court's comment accompanying the 1994 amendment to ARCAP 9(a), that same observation and reasoning apply equally here and support our conclusion that relief under ARCAP 9(a) should not hinge on a showing of excusable neglect.

¶19 The *Nunley* court also reasoned that "[t]o hold otherwise would negate the addition of Rule 4(a)(6), which provides an avenue of relief separate and apart from Rule 4(a)(5)." 52 F.3d at 798. Federal Rule 4(a)(5) allows a district court, upon a motion made

---

[9]The only meaningful difference between the relief available under ARCAP 9(a) and the federal rule is the time within which the motion must be filed. Both rules require a motion be filed within seven days of receiving notice of entry of the final judgment. ARCAP 9(a); Fed. R. App. P. 4(a)(6)(B). Regardless of whether notice is received, however, under Arizona's rule the motion must be filed within thirty days after the expiration of the time for appeal. ARCAP 9(a). The federal rule provides a 180-day window "after the judgment or order is entered." Fed. R. App. P. 4(a)(6)(B). As noted earlier, there is no dispute that ValueOptions' motion for extension of the appeal time was timely filed under ARCAP 9(a).

14

"no later than 30 days after the time prescribed by this Rule 4(a) expires," to "extend the time to file a notice of appeal" upon a showing of "excusable neglect or good cause." Thus, although the Ninth Circuit acknowledged the district court had discretion under Rule 4(a)(6), it stated that "the denial of relief cannot rest on a party's failure to learn independently of the entry of judgment during the thirty-day period for filing notices of appeal." *Nunley*, 52 F.3d at 798. The court declined, however, to "reach the exact scope of district court discretion" under Rule 4(a)(6). *Id.* Other courts that have addressed a district court's exercise of discretion under Rule 4(a)(6) also have concluded that the court cannot consider the possible merits of an appeal, *see, e.g., Arai v. Am. Bryce Ranches, Inc.*, 316 F.3d 1066, 1070-71 (9th Cir. 2003), but may deny relief when the moving party has contributed to its own failure to receive notice, such as by changing its mailing address without informing the court. *See, e.g., Benavides v. Bureau of Prisons*, 79 F.3d 1211, 1214 (D.C. Cir. 1996).[10]

¶20　　Arizona's rules have no identical counterpart to Federal Rule 4(a)(5). But, pursuant to Rule 60(c), Ariz. R. Civ. P., a trial court may vacate and reenter a judgment to effectively extend the time for appeal. *See J.C. Penney*, 197 Ariz. 113, ¶¶ 1, 20, 3 P.3d at

---

[10]We recognize that other federal appellate courts have upheld the denial of relief requested under Federal Rule 4(a)(6) when the moving party failed to act. *See, e.g., Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 370-71 (6th Cir. 2007) (party failed to monitor electronic docket); *In re Jones*, 970 F.2d 36, 39 (5th Cir. 1992) (party failed to notify court of address change and misread docket sheet). In our view, however, those courts applied an overly harsh standard for relief that is incompatible with the wording and intent of ARCAP 9(a).

15

1034, 1037; *see also Lennar Corp.*, 214 Ariz. 255, ¶ 51 & n.18, 151 P.3d at 551, 552 n.18. To obtain such relief under Rule 60(c), in addition to satisfying the other requirement of the rule that the party show compelling circumstances favoring relief from the judgment, a party must demonstrate (1) that it did not timely receive notice that the judgment had been entered; (2) that it promptly filed a motion after actually receiving such notice; (3) that it exercised due diligence, or had a reason for the lack thereof, in attempting to learn the date of the decision; and (4) that no party would be prejudiced. *See J.C. Penney*, 197 Ariz. 113, ¶¶ 15, 20, 3 P.3d at 1036, 1037; *see also City of Phoenix v. Geyler*, 144 Ariz. 323, 328, 697 P.2d 1073, 1078 (1985).

¶21 In short, the procedure available in Arizona under Rule 60(c) for effectively extending the time to appeal, albeit under more stringent standards than those set forth in ARCAP 9(a), closely parallels the alternative mechanism for relief provided under Federal Rule 4(a)(5). Accordingly, *Nunley* strongly supports our view that, when the clerk failed to comply with its obligation under Rule 58(e) and when both parties are reasonably operating under the mistaken belief that no judgment has been entered, a party's alleged lack of diligence in ascertaining whether a judgment actually has been entered does not warrant

16

denial of relief under ARCAP 9(a).[11]  For all of these reasons, we conclude the trial court abused its discretion in denying ValueOptions' motion under ARCAP 9(a) for extending the time within which to file its appeal.

## 2.  Denial of Rule 6(b) motion

¶22        ValueOptions also argues the trial court erred by denying its request pursuant to Rule 6(b), Ariz. R. Civ. P., to enlarge the time to file post-judgment motions.  As it also argued in relation to ARCAP 9(a), ValueOptions contends the court erred by "read[ing] into" Rule 6(b) "an 'excusable neglect' standard."  We review a trial court's denial of relief under Rule 6(b) for an abuse of discretion.  *See Brant v. Hargrove*, 129 Ariz. 475, 484, 632 P.2d 978, 987 (App. 1981).  But, again, we review de novo any questions involving interpretation or application of court rules.  *See Fragoso*, 210 Ariz. 427, ¶ 7, 111 P.3d at 1030.

¶23        Analysis of ValueOptions' argument relating to Rule 6(b) is complicated somewhat by the structure and length of that rule.  In its entirety, Rule 6(b) provides:

---

[11]As the dissent points out, ¶ 47, *infra*, dicta in *Decola v. Freyer*, 198 Ariz. 28, ¶ 19, 6 P.3d 333, 338 (App. 2000), suggested that relief under ARCAP 9(a) would be appropriate if appellant "acted diligently."  But, in noting the pertinent findings the superior court already had made and in remanding the case to that court, *id*. ¶¶ 22, 24-25, the court in *Decola* did not require any showing of due diligence, excusable neglect, or good cause for a delayed appeal.

17

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(d), (g) and (l), and 60(c), except to the extent and under the conditions stated in them, *unless the court finds (a) that a party entitled to notice of the entry of judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and (b) that no party would be prejudiced, in which case the court may, upon motion filed within thirty days after the expiration of the period originally prescribed or within 7 days of receipt of such notice, whichever is earlier, extend the time for taking such action for a period of 10 days from the date of entry of the order extending the time for taking such action.*

Ariz. R. Civ. P. 6(b) (emphasis added).

¶24 The italicized language in Rule 6(b) above was added when our supreme court amended the rule in 1994. *See* Order Amending Rule 6(b), Rules of Civil Procedure, 178 Ariz. XLI (1994). That amendment coincided with the 1994 amendment to ARCAP 9(a); the amendments took effect simultaneously. *See id.* & Order Amending Rule 9(a), Rules of Civil Appellate Procedure, 178 Ariz. LIX (1994). The contemporaneous amendments to both rules were substantively identical—prescribing two, but only two, conditions for enlarging the time for filing certain post-judgment motions under Rule 6(b) or for extending the time for appeal under ARCAP 9(a). In addition, as we previously noted in ¶ 8, *supra*,

18

our supreme court's comments accompanying the amendments to both rules were identical, stating the amendments "were designed to address a problem experienced by practitioners" whose clients' appeal rights were sometimes jeopardized by counsel's failure to receive notice of the entry of judgment. *See* 178 Ariz. at XLII, LX; *see also State v. Empire Am. Bail Bonds, Inc.*, 191 Ariz. 218, n.1, 953 P.2d 1271, 1273 n.1 (App. 1998) (1994 amendments to rules, including ARCAP 9(a) and Rule 6(b), "complement each other and together are directed at preserving parties' appeal rights").

¶25        As with statutes, court rules "'should be harmonized wherever possible and read in conjunction with each other.'" *Hansen*, 215 Ariz. 287, ¶ 7, 160 P.3d at 168, *quoting Phoenix of Hartford, Inc. v. Harmony Rests., Inc.*, 114 Ariz. 257, 258, 560 P.2d 441, 442 (App. 1977); *see also Robson Ranch Mountains, L.L.C. v. Pinal County*, 203 Ariz. 120, ¶ 13, 51 P.3d 342, 347 (App. 2002) (courts seek to harmonize and attain consistency among related statutory provisions in context of overall statutory scheme). In view of their identical timing, substance, and accompanying comments, the 1994 amendments to Rule 6(b) and ARCAP 9(a) clearly share a common purpose. Therefore, to the extent possible, we must endeavor to harmonize those amended rules by interpreting them consistently with each other in order to fulfill our supreme court's intent. *See Ariz. Dep't of Revenue v. Trico Elec. Coop., Inc.*, 151 Ariz. 544, 548, 729 P.2d 898, 902 (1986) (simultaneous amendment of two related statutes "indicates legislative intent to harmonize" them); *see also United States v. Am. Bldg. Maint. Indus.*, 422 U.S. 271, 277 (1975) (prior

construction of one statute deemed "particularly relevant" to proper interpretation of other, related statute, "since both sections were enacted by the [same] Congress, and both were designed to deal with closely related aspects of the same problem"); *United States v. Marzullo*, 780 F. Supp. 658, 661 (W.D. Mo. 1991) ("Certainly, it is reasonable to conclude that Congress, in choosing to use the same language in enacting [two related statutes] and choosing to enact them as part of the same bill on the same day, intended that both sections would mean the same thing.").

¶26        As noted earlier, ARCAP 9(a) does not require any showing of good cause or excusable neglect to obtain an extension of time for appeal. Rather, the only express prerequisites for relief under the rule are that "(1) a party entitled to notice of entry of judgment did not receive such notice from the clerk or any party within 21 days of its entry and (2) no party would be prejudiced" by extending the time for appeal. ARCAP 9(a). The 1994 amendment to Rule 6(b) prescribed those same two criteria for enlarging the time to file post-judgment motions, without conditioning such relief on a showing of good cause or excusable neglect. Indeed, Haroutunian acknowledges that the portion of Rule 6(b) pertinent to ValueOptions' motion has no excusable neglect or good cause elements.

¶27        Unlike ARCAP 9(a), however, the pre-1994 version of Rule 6(b) required showings of "cause" and "excusable neglect" for obtaining enlargements of time under that rule. And, somewhat confusingly, that language was retained, unchanged, in Rule 6(b) even after the 1994 amendment. *See* ¶ 23, *supra*. The question, then, is whether, based on the

20

wording of Rule 6(b)(2), a party still must show excusable neglect in order to obtain an enlargement of time under the amended version of the rule, even when the two prerequisites set forth in the 1994 amendment have been met. In denying ValueOptions' motion under Rule 6(b), the trial court determined the rule "requires a showing of excusable neglect when the motion is made after the expiration of the specified period." Although that is one plausible reading of Rule 6(b), even after its 1994 amendment, we interpret the rule differently.

¶28 "When statutory language gives rise to differing interpretations, 'we will adopt the interpretation that is most harmonious with the statutory scheme and legislative purpose.'" *Sw. Gas Corp. v. Indus. Comm'n*, 200 Ariz. 292, ¶ 16, 25 P.3d 1164, 1169 (App. 2001), *quoting State v. Pinto*, 179 Ariz. 593, 596, 880 P.2d 1139, 1142 (App. 1994). Similarly, when the language of a court rule is reasonably susceptible to differing interpretations, as the language of Rule 6(b) is, we will seek to harmonize it with related rules and interpret it in a manner that is consistent with the intent of the drafters—our supreme court. *See Vega*, 199 Ariz. 504, ¶ 8, 19 P.3d at 648. Again, the identical and contemporaneous 1994 amendments to ARCAP 9(a) and Rule 6(b) "were designed to address [the same] problem"—parties' unwittingly losing their rights to file post-judgment motions and appeals for lack of timely and mandatory notice to counsel of the entry of judgment. ARCAP 9(a), Rule 6(b) court cmts. to 1994 amends., 178 Ariz. at XLII, LX. Having concluded that our supreme court did not intend to condition relief under ARCAP

21

9(a) on a showing of either good cause or excusable neglect, we likewise conclude that the 1994 amendments to Rule 6(b) require no such showings when, as here, the two express prerequisites for relief under the rule are established. To hold otherwise would create disharmony and inconsistency between the two rules, contrary to their apparent purpose and to our supreme court's stated objective when it changed both rules simultaneously in 1994. Because the trial court expressly found ValueOptions had established the two prerequisites for relief under Rule 6(b) but then applied an incorrect legal standard by imposing additional requirements, the court abused its discretion in denying ValueOptions' motion for enlargement of time under Rule 6(b).

## Disposition

¶29 We reverse the trial court's denial of ValueOptions' motion to extend the time to appeal and to enlarge the time for filing post-judgment motions. The case is remanded for further proceedings on those post-judgment motions. In view of that disposition, we do not address the other issues raised in ValueOptions' appeal or Haroutunian's cross-appeal. *See Cohen v. Frey*, 215 Ariz. 62, ¶¶ 16, 19, 157 P.3d 482, 487, 488 (App. 2007); *Envtl. Liners, Inc. v. Ryley, Carlock & Applewhite*, 187 Ariz. 379, 384 n.4, 930 P.2d 456, 461 n.4 (App. 1996). Finally, Haroutunian's request for attorney fees and costs on appeal and cross-appeal is denied, without prejudice to his seeking such awards on remand or in subsequent proceedings, if any.

_____

22

JOHN PELANDER, Chief Judge

CONCURRING:

_____
JOSEPH W. HOWARD, Presiding Judge

B R A M M E R, Judge, dissenting.

¶30 I respectfully dissent from my colleagues' well-crafted opinion. By concluding the trial court applied the wrong legal standard in denying ValueOptions relief under ARCAP 9(a), they appear to misinterpret the trial court's ruling. The majority has also effectively eliminated a trial court's discretion to deny relief under that rule and, by determining it owes no deference to the trial court's discretionary decision here, has substituted its judgment for the trial court's. Further, I disagree with the majority's interpretation of Rule 6(b).

Denial of ARCAP 9(a) Motion

¶31 I first address the trial court's decision to deny relief under ARCAP 9(a). The rule states:

> **(a) Time; Personal Representatives; Cross-Appeal.** A notice of appeal required by Rule 8 shall be filed with the clerk of the superior court not later than 30 days after the entry of the judgment from which the appeal is taken, unless a different time is provided by law. If the court finds that (1) a party entitled to notice of entry of judgment did not receive such notice from the clerk or any party within 21 days of its entry and (2) no party would be prejudiced, the court may upon motion filed not later

23

than 30 days after the expiration of the time for appeal, or within 7 days of receipt of such notice, whichever is earlier, extend the time for appeal for a period not to exceed 14 days from the date of the order granting the motion. If a party dies during the time he is entitled to take an appeal, the appeal may be taken by his personal representative within 90 days after the death of the party. A notice of cross-appeal may be filed by an opposing party within 20 days from the date the notice of appeal is filed.

¶32    The trial court's ruling denying ValueOptions' motions stated:

### Motion for Enlargement of Time to File Motions for Renewed Judgment as a Matter of Law and for New Trial

Defendant relies on Rule 6(b), Rules of Civil Procedure, to request an extension of time to file post-trial motions pursuant to Rule[s] 50(b) and 59(d). Rule 6(b) requires a showing of excusable neglect when the motion is made after the expiration of the specified period. Defendant's attorney received an under advisement ruling dated February 20, 2007 stating, "the court will sign the form of judgment submitted by plaintiff after deleting the costs and attorney's fees." Defendant's attorney had her secretary call the Pima County Clerk of Court two days after the date of the under advisement ruling to determine if a judgment had been entered. The secretary was told by an unknown person in the clerk's office that it had not been entered. In fact, the judgment had been entered the day before. A reasonable attorney would have called the judge's chambers or placed another call to the clerk or taken other appropriate steps before the time limits expired to make sure that a judgment had not been entered. Therefore,

**IT IS ORDERED** defendant's motion for enlargement of time to file motions for renewed judgment as a matter [of] law and for new trial is DENIED.

### Motion to Extend Time to Appeal

24

Defendant has moved for an enlargement of time to appeal pursuant to Rule 9(a), Arizona Rules of Civil Appellate Procedure. The Rule gives the trial court discretion to extend the time for appeal under certain circumstances. *United Metro Materials, Inc. v. Pena Blanca Properties, L.L.C.*, 197 Ariz. 479, 482, 4 P.3d 1022, 1025 (App. 2000). The court may extend the time to appeal if it finds "that (1) the party entitled to notice of entry of judgment did not receive such notice from the clerk or any parties within twenty-one days of its entry, and (2) no party would be prejudiced. . . ." *Id.* It is undisputed that defendant did not receive notice of entry of judgment from the clerk or any party within twenty-one (21) days of entry. As to prejudice, the issue is "whether [plaintiff] [is] prejudiced by the appeal being delayed rather than timely." *Lennar Corp. v. Auto-Owners Ins. Co.*, 214 Ariz. 255, 151 P.3d 538, 552 (App. 2007). Plaintiff has not shown prejudice. However, for the same reason the court refused to extend the time for filing post-trial motions, the court, in its discretion, declines to extend the time for appeal. Defendant has not shown good cause. Therefore,

**IT IS ORDERED** defendant's motion to extend the time for appeal is DENIED.

¶33 The majority has concluded in ¶¶ 12 and 13 that the trial court used the wrong legal standard in denying relief under ARCAP 9(a) because it stated ValueOptions had "not shown good cause" and, therefore, in the majority's estimation, "essentially imposed an additional element for relief that the language of the rule does not require and its drafters did not intend." I cannot agree with this characterization of the court's ruling. Even if the two elements of ARCAP 9(a) are met, as they were here, it remains within a trial court's discretion whether to grant relief in a particular case. *See United Metro Materials, Inc. v. Pena Blanca Props., L.L.C.*, 197 Ariz. 479, ¶ 18, 4 P.3d 1022, 1025 (App. 2000). Inherent

25

in that discretion is that the court may expect the party seeking relief to provide some reason—beyond the rule's explicit elements—warranting the relief sought. Otherwise, the trial court's discretion is completely illusory.

¶34        Here, it is plain the trial court concluded ValueOptions' failure to show some diligence in attempting to learn if a final judgment indeed had been entered justified its discretionary decision to deny relief. The court's statement that ValueOptions had not shown "good cause" was nothing more than the court's expression of its determination that ValueOptions had not provided a reason the court considered sufficient to warrant relief, not a reference to a legal standard the rule plainly does not contain. *See Maher v. Urman*, 211 Ariz. 543, ¶ 13, 124 P.3d 770, 775 (App. 2005) ("'[T]he trial court is presumed to know and follow the law.'"), *quoting State v. Ramirez*, 178 Ariz. 116, 128, 871 P.2d 237, 249 (1994).

¶35        The trial court cited no authority defining "good cause" in related contexts, nor did it explain, as it did for excusable neglect in its discussion of Rule 6(b), what "good cause" meant in this context. Nothing in the court's ruling suggests it believed it could only grant relief upon a showing of good cause. The court instead stated it had denied the motion "in its discretion." It referred to the "same reason [it] refused to extend the time for filing post-trial motions" and the only reason contained in the ruling, specifically: "A reasonable attorney would have called the judge's chambers or placed another call to the clerk or taken other appropriate steps before the time limits expired to make sure that a judgment had not

26

been entered." Thus, the court referred to the factual basis for its ruling under Rule 6(b), not to the legal standard it applied there.[12]

¶36    The majority then decides in ¶ 15 that it owes no "particular deference" to the trial court's conclusion that a reasonable attorney would have done something more than ValueOptions did here. It notes the trial court's decision "was not based on any evidence presented below or any weighing of conflicting facts." I fail to understand what additional evidence the trial court should have considered in assessing whether ValueOptions had acted reasonably. Nothing in the record contradicts the trial court's statement that ValueOptions failed to inquire any further into the status of the entry of judgment before its time to appeal expired. The trial judge, as any judge should be, was permitted, indeed required, to draw on his knowledge and experience when determining whether ValueOptions' conduct had been reasonable under the circumstances. *See Walker v. Kendig*, 107 Ariz. 510, 513, 489 P.2d 849, 852 (1971) (when making discretionary determination, trial court may rely on "'personal wisdom and experience'"), *quoting In re Welisch*, 18 Ariz. 517, 521, 163 P. 264, 265-66 (1917); *cf. Baum v. Baum*, 120 Ariz. 140, 146, 584 P.2d 604, 610 (App. 1978) (in determining reasonable attorney fees, "trial judge can draw upon his knowledge of the case and upon his own experience").

---

[12]At most, one might conclude it is unclear whether the trial court applied the correct legal standard. In that event, the proper remedy would be to clarify the proper legal standard and remand the case for the trial court to reconsider its ruling. The majority here goes much further, concluding the trial court's decision is incorrect under any legal standard.

¶37    Nor can I fathom how the discretion ARCAP 9(a) gives a trial court is eliminated merely because the underlying facts are undisputed. Our supreme court stated in *State v. Chapple*, 135 Ariz. 281, 297 n.18, 660 P.2d 1208, 1224 n.18 (1983), that a decision ceases to be discretionary and may be decided as a "question . . . of law or logic" when "the facts or inferences from them are not in dispute and where there are few or no conflicting procedural, factual or equitable considerations." Although the facts here are undisputed, there are clearly competing procedural, equitable, and practical considerations accompanying them. The trial court had to balance Haroutunian's interest in the finality of the judgment with the preference in our jurisprudence for resolving cases on their merits. *See Daou v. Harris*, 139 Ariz. 353, 359, 678 P.2d 934, 940 (1984) (trial court must weigh these competing interests). And it had to determine whether ValueOptions' conduct was reasonable under the unique facts and circumstances of the case.

¶38    This is precisely the kind of assessment by a trial court that demands a reviewing court's deference. *See id.* ("trial judges are in a much better position than appellate judges" to determine whether party's neglect excusable and to balance equitable principles); *Chapple*, 135 Ariz. at 297 n.18, 660 P.2d at 1224 n.18 ("conflicting procedural, factual, or equitable considerations" are "better determined or resolved by the trial [court], wh[ich] has a more immediate grasp of all the facts of the case, an opportunity to see the parties, lawyers and witnesses, and . . . can better assess the impact of what occurs before [it]"); *see also Goglia v. Bodnar*, 156 Ariz. 12, 20, 749 P.2d 921, 929 (App. 1987) (citing

28

*Daou*). Because the trial court's determination that ValueOptions' conduct was not reasonable under the circumstances is a decision to which we must defer, we may disturb it only when the undisputed facts and other factors cannot justify the court's decision and instead compel a different result.[13]

¶39        To the extent the majority suggests the only proper conclusion to be drawn from these undisputed facts is that ValueOptions acted reasonably, I believe it overstates the case. In the same minute entry in which the court denied Haroutunian's request for attorney fees, it stated it would "sign the form of judgment submitted by plaintiff after deleting the costs and attorney's fees." This, of course, is exactly what the court did do. There was no suggestion that it was awaiting additional information or motions from the parties or that it would delay signing the judgment.

¶40        At oral argument, ValueOptions asserted it had made its single phone call to the clerk of the court to check the status of the judgment before receiving notice of the

_____

[13]The cases cited by the majority in note 7 do not suggest otherwise. They instead emphasize that we should not disturb a trial court's discretionary ruling unless "the undisputed facts and circumstances . . . require a contrary ruling as a matter of law." *Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117, 121, 317 P.2d 550, 552 (1957); *see also Davis v. Davis*, 143 Ariz. 54, 57-59, 691 P.2d 1082, 1085-87 (1984) (observing reversal proper only when discretion "exercised in clear violation of the [relevant] principles" and finding party diligent when party had visited court twice, inquiring twice with court clerk and court administrator and once "at the judge's chambers," and court clerk had misfiled case); *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163, 871 P.2d 698, 710 (App. 1993) (reversing denial of relief under Rule 60(c), Ariz. R. Civ. P., when "there [was] little in the record to indicate that [the attorney] should have recognized the emergency [of the approaching deadline before] it was too late").

court's February 20 minute entry. Counsel reported that an employee in the clerk's office had said there had been "no activity . . . since February 14, 2007." The February 20 minute entry, however, clearly stated the court would sign the judgment, and again nothing in that minute entry suggested the court would delay doing so. Upon receiving the minute entry, as the trial court concluded, a reasonably diligent party would have taken some action to further investigate if the judgment had, in fact, been signed and entered. Yet ValueOptions apparently made no inquiry after receiving the minute entry.

¶41        Although I recognize a party should not "be required to contact the [court] every day to ascertain if judgment has been entered," *DNB Constr., Inc. v. Superior Court*, 125 Ariz. 61, 63, 607 P.2d 380, 382 (1980), a party must still be diligent in monitoring the status of its case, particularly when it has received a clear message from the trial court that the court intended to sign a judgment without further interaction with the parties and apparently without delay.[14] Additionally, as Haroutunian pointed out in his response to

[14]To the extent ValueOptions and the majority in note 7 rely on our supreme court's statement in *DNB Construction* that "[a] party should be able to rely upon the mail for notice," 125 Ariz. at 63, 607 P.2d at 382, that case is distinguishable. There, the court addressed an untimely notice of appeal from a justice court order, which had to be filed in the superior court within only ten days. *See id.* Although it denied relief to the party filing the late appeal, the court expressed concern that "mail might be delayed so that the party does not receive notice of judgment within 10 days." *Id.* Here, of course, the time for filing an appeal is thirty days, *see* ARCAP 9(a), making concerns about delayed mail delivery significantly less pronounced. And the supreme court stated that, even if "notice of judgment was received so late as to make appeal within the statutory time limit impossible," the superior court "*could* relieve the appealing party from strict application of the 10 day rule." *DNB Constr., Inc.*, 125 Ariz. at 63, 607 P.2d at 382 (emphasis added). Thus, even under *DNB Construction*, a court is vested with discretion to grant or deny additional time

30

ValueOptions' ARCAP 9(a) motion, ValueOptions could have reviewed the Pima County Superior Court's electronic docket. Indeed, documents Haroutunian attached to that response show that the final judgment had appeared on the docket by at least February 27, one week after the trial court's minute entry. *See Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 370-71 (6th Cir. 2007) (denying relief under Federal Rule 4(a)(6) because party

_____

for taking an appeal. Moreover, that case was decided before the development of the rule described in *City of Phoenix v. Geyler*, 144 Ariz. 323, 328, 697 P.2d 1073, 1078 (1985), which explicitly requires a party to demonstrate, inter alia, due diligence in attempting to learn when judgment has been entered.

Additionally, the majority suggests several cases demonstrate that ValueOptions has arguably shown sufficient diligence. These cases are also distinguishable. In *Lennar Corp. v. Auto-Owners Ins. Co.*, 214 Ariz. 255, ¶ 54, 151 P.3d 538, 552 (App. 2007), counsel for the party had received notice of the judgment but an employee of the law firm "failed to follow the procedure" used to track judgments. Nothing in the record suggests ValueOptions routinely monitored the docket of its cases but failed to do so here because an internal procedure had not been followed. In *J.C. Penney v. Lane*, 197 Ariz. 113, ¶ 5, 3 P.3d 1033, 1035 (App. 1999), the party had asked the court to sign the judgment after ruling on its motion for reconsideration. The trial court instead signed the judgment two-and-a-half months before ruling on the motion for reconsideration. *Id.* ¶ 6. Plainly, unlike here, the party in *J.C. Penney* had no reason to believe the trial court was about to sign the judgment. In *Geyler*, the moving party received the final order but relied on the partially illegible date stamp instead of on the date typed on the order. 144 Ariz. at 331, 697 P.2d at 1081. The stamped date, however, was not the date the order had been filed but the date it had been mailed. *Id.* at 330, 697 P.2d at 1080. Thus, the supreme court noted that "defense counsel and his secretary [had] overlooked the [typed] date line . . . or misunderstood the form." *Id.* at 327, 697 P.2d at 1077. The court stated defense counsel "had no doubt as to the date on which the judgment was entered" and suggested that, had counsel had such doubts, his failure to seek clarification of the date would have been inexcusable. *Id.* at 331, 697 P.2d at 1081. Thus, although the supreme court stated the facts of the case "strongly suggest[ed]" relief was warranted, *id.* at 332, 697 P.2d at 1082, unlike ValueOptions, the party in *Geyler* had not failed to act in the face of information that would reasonably compel some action.

31

failed to monitor electronic docket).[15] The existence of the court's electronic docket, accessible to the parties, vitiates any concern that a party may unduly burden the trial court clerk or judge's staff by making repeated inquiries in an effort to diligently monitor the status of its case.

¶42 The majority makes much in ¶¶ 17 and 18 of the fact that neither party knew the date the judgment had been entered.[16] Nothing in the record suggests, however, that Haroutunian had attempted to ascertain if the judgment had been entered or that he had any specific reason to do so. Indeed, Haroutunian's arguable lack of diligence in this respect in no way excuses ValueOptions' failure to investigate. Further, any inaction on Haroutunian's part hardly compels an inference that ValueOptions' conduct was reasonable. The parties may have had disparate interests in the date judgment was entered.

¶43 In ¶ 17, although it disclaims doing so, the majority imposes a duty on the trial court to advise parties of mistakes in the papers they file. This cannot be the law. Arizona's trial judges have no responsibility to proofread the papers parties file with them. I find here

_____

[15]At oral argument before this court, ValueOptions asserted *Kuhn* is distinguishable from this case because the local court rules in that jurisdiction required parties to register with the electronic docketing system in order to receive notices by electronic mail. The Sixth Circuit in *Kuhn*, however, stated that the local rule in question "did not compel [the moving party] to register with the court's [electronic docketing] system." 498 F.3d at 370.

[16]The majority's distinction between the trial court's signing and the court clerk's entry of judgment is of course correct, but it is irrelevant here. Nothing in the record suggests there is typically a delay between the signing and entry judgment, nor that any delay could reasonably be anticipated here. Indeed, there was no delay—the judgment was entered the day after the trial court signed it.

no obligation on the court's part to correct the parties' apparently shared misperception that no judgment had been entered. To do so would assume the court was aware of such a perception, and nothing in the record supports that assumption. That the court did not issue a corrective advisory in no way excuses ValueOptions from fulfilling its responsibility to remain abreast of its lawsuit.[17] These facts support the trial court's conclusion that ValueOptions failed to exercise diligence after receiving notice from the court that it would sign the judgment. Even were I to reach a different conclusion, as I may well have done here in the first instance, a trial court's discretionary decision, where supported by the uncontroverted record, is entitled to deference on review.[18]

¶44 The majority then posits in note 7 that, even if the trial court was correct that ValueOptions had acted unreasonably, that consideration is irrelevant to whether it could grant relief under ARCAP 9(a). Again, I disagree. I conclude that, when exercising its discretion in deciding whether to grant relief under ARCAP 9(a) to a party that had clear notice a judgment would be signed without delay, a trial court may consider what actions

---

[17]The record does not suggest the trial court, when it apparently perfunctorily ordered a briefing schedule on the motion, had reviewed Haroutunian's motion for reconsideration to note that he was operating on the erroneous belief a judgment had not yet been entered. Indeed, my perception of the common practice suggests it is more likely that a busy trial court would wait until all the papers on a motion have been filed before beginning to review any of them. That the court made no correction here is unavailing to ValueOptions.

[18]I would also defer to, and affirm, a trial court's decision under identical facts to grant ARCAP 9(a) relief.

33

the party took or failed to take in attempting to learn whether judgment had been entered against it.

**¶45** ARCAP 9(a) clearly does not require specifically that a party demonstrate good cause to excuse its failure to determine whether a final order had been filed in its case. *See J.C. Penney v. Lane*, 197 Ariz. 113, ¶ 20, 3 P.3d 1033, 1037 (App. 1999). It does not necessarily follow, however, that a trial court may not consider whether the party had exercised some degree of diligence in attempting to determine if a final judgment indeed had been entered. And, as ValueOptions and the majority concede, a trial court's decision to grant relief under ARCAP 9(a) is discretionary. *See United Metro Materials*, 197 Ariz. 479, ¶ 18, 4 P.3d at 1025.

**¶46** A party's diligence in protecting its appellate rights has long been deemed relevant to whether it should be permitted additional time to file its appeal. In *Vital v. Johnson*, 128 Ariz. 129, 132, 624 P.2d 326, 329 (App. 1980), Division One of this court determined that Rule 60(c), Ariz. R. Civ. P., did not permit a trial court "to vacate and reenter the same judgment in order to begin again the time for filing a notice of appeal when no notice of entry of the judgment had been sent to the party by the clerk." *J.C. Penney*, 197 Ariz. 132, ¶ 12, 3 P.3d at 1035. Our supreme court, however, rejected that interpretation in *Park v. Strick*, 137 Ariz. 100, 104, 669 P.2d 78, 82 (1983), holding that a trial court may grant relief under Rule 60(c) by vacating and reentering a judgment when "an aggrieved party establishes lack of knowledge that judgment has been entered, and

34

asserts additional reasons that are so extraordinary as to justify relief." The court also stated that, "where the complaint is only that the party did not have or get the formal notice to which a party is entitled . . . , the relief [under Rule 60(c)] is not available." *Id.* In *City of Phoenix v. Geyler*, 144 Ariz. 323, 328, 697 P.2d 1073, 1078 (1985), the court then added to the requirements it had described in *Park*, holding in *Geyler* that, besides the compelling circumstances required by Rule 60(c), a party must also demonstrate: (1) lack of proper notice of the judgment; (2) lack of prejudice to the respondent; (3) prompt filing of a motion after actual notice is received; and (4) due diligence, or a reason for lack thereof, in attempting to determine the date of the decision.

¶47 In 1994, as the majority notes in ¶ 8, our supreme court modified ARCAP 9(a) and other procedural rules to "'address a problem experienced by practitioners, whereby they were not receiving notice of entry of judgment in some cases and their clients' rights to appeal were jeopardized.'" *J.C. Penney*, 197 Ariz. 113, ¶ 18, 3 P.3d at 1037, *quoting* ARCAP 9(a) court cmt. to 1994 amend. Nothing in the amendments to ARCAP 9(a) or other rules, however, eliminates *Geyler*'s requirement, or that dictated by common sense, that a party must exercise some diligence in attempting to ascertain whether a final judgment has been entered. Instead, ARCAP 9(a) gives a trial court the discretion whether to grant relief, and I see no principled reason to prevent a court from considering a party's diligence when exercising that discretion. Indeed, Division One of this court has suggested assessing a party's diligence is proper when considering a request for relief under ARCAP 9(a). In

35

*Decola v. Freyer*, 198 Ariz. 28, ¶ 24, 6 P.3d 333, 339 (App. 2000), Division One determined a superior court had discretion to extend a party's time to appeal from an arbitration award "under the rationale of [ARCAP] 9(a)." The court stated that a party might be entitled to relief in such circumstances if it "failed to receive notice of the filing of the arbitration award, . . . acted diligently, and no prejudice to plaintiff was shown." *Id.* ¶ 19.

**¶48**        Moreover, the requirement that a party take steps to protect its right to appeal by determining the status of its case is reflected elsewhere in our rules. Rule 5.1(b), Ariz. R. Civ. P., describing the duties of counsel, requires attorneys to "keep[] advised of the status of cases in which [they have] appeared." *See also Panzino v. City of Phoenix*, 196 Ariz. 442, ¶ 7, 999 P.2d 198, 201 (2000) ("'[T]he client is charged with the actions and omissions of its attorney.'"), *quoting Mission Ins. Co. v. Cash, Sullivan & Cross*, 170 Ariz. 105, 108, 822 P.2d 1, 4 (1991). The mandate in Rule 58(e), Ariz. R. Civ. P., that the court clerk immediately distribute notice of the entry of judgment to the parties does not mean the parties are absolved of all responsibility to monitor their case when they are clearly aware that signing and entry of the judgment are imminent.

**¶49**        Nor do I agree with the majority's reliance on *Nunley v. City of Los Angeles*, 52 F.3d 792 (9th Cir. 1995), in which the Ninth Circuit held that a trial court erred by considering excusable neglect principles in denying relief under Rule 4(a)(6), Fed. R. Civ. App. P., the federal equivalent of ARCAP 9(a). The *Nunley* court reasoned that applying

36

excusable neglect principles to Rule 4(a)(6) would "'subvert [its] central purpose,'" which was to "'permit district courts to ease strict sanctions now imposed on appellants whose notices of appeal are filed late because of their failure to receive notice of entry of a judgment.'" 52 F.3d at 798, *quoting Avolio v. County of Suffolk*, 29 F.3d 50, 53 (2d Cir. 1994) (internal quotations omitted). The *Nunley* court also reasoned that "[t]o hold otherwise would negate the addition of Rule 4(a)(6), which provides an avenue of relief separate and apart from Rule 4(a)(5)." *Id.* Federal Rule 4(a)(5) allows a district court, upon a motion made "no later than 30 days after the time prescribed by this Rule 4(a) expires," to "extend the time to file a notice of appeal" upon a showing of "excusable neglect or good cause." I, however, find the federal rules distinguishable.

¶50 Although Arizona has no direct equivalent to Rule 4(a)(5), Fed. R. App. P., I recognize that Division One of this court held in *J.C. Penney*, 197 Ariz. 113, ¶ 20, 3 P.3d at 1037, that a trial court may, pursuant to Rule 60(c), Ariz. R. Civ. P., vacate and reenter a judgment to effectively extend the time for appeal, notwithstanding the language in former Rule 77(g), Ariz. R. Civ. P., now Rule 58(e), Ariz. R. Civ. P., which provides a trial court cannot "relieve a party for failure to appeal within the time allowed, except as provided in [ARCAP] 9(a)." Division One's interpretation does not create an equivalent to Rule 4(a)(5), Fed. R. App. P., which requires the moving party to demonstrate only "excusable neglect or good cause." In contrast to the federal rule, Rule 60(c) requires a party in such circumstances to demonstrate: (1) that it did not timely receive notice the judgment had

37

been entered; (2) that it exercised due diligence, or had a reason for the lack thereof, in attempting to learn the date of the decision; and (3) that no party would be prejudiced—in addition to the other requirement of Rule 60(c) that a party show compelling circumstances favoring relief from the judgment. *See J.C. Penney*, 197 Ariz. 113, ¶¶ 15, 20, 3 P.3d at 1036, 1037; *see also Geyler*, 144 Ariz. at 328, 697 P.2d at 1078. Thus, under Rule 60(c), unlike Federal Rule 4(a)(5), a party is required to demonstrate diligence in addition to the other requirements of the rule. Consequently, there is no concern that utilizing good cause principles—such as a whether a party was reasonably diligent—in discretionary determinations under ARCAP 9(a) would either undercut or conflict with another rule that may afford relief from an untimely appeal.

¶51 Moreover, I am unpersuaded by the Ninth Circuit's blanket statement in *Nunley* that denial of relief under Rule 4(a)(6) "cannot rest on a party's failure to learn independently of the entry of judgment." 52 F.3d at 798. Under the federal rule, the prevailing party is encouraged to notify the other party of the entry of judgment "'in order to lessen the chance that a judge will accept a claim of non-receipt in the face of evidence that notices were sent by both the clerk and the winning party.'" *Avolio v. County of Suffolk*, 29 F.3d 50, 53 (2d Cir. 1994), *quoting* Fed. R. App. P. 4(a)(6) advisory committee note. I cannot condone an unwise policy that permits a losing party to remain passively uniformed of the status of its case and fail to take reasonable steps to protect its rights, including the right to appeal. I note that other federal appellate courts have upheld the

38

denial of relief requested under Rule 4(a)(6) when the moving party failed to act. *See, e.g., Kuhn*, 498 F.3d at 370-71 (party failed to monitor electronic docket); *In re Jones*, 970 F.2d 36, 39 (5th Cir. 1992) (party failed to notify court of address change and misread docket sheet).

**¶52** Although ARCAP 9(a) does not explicitly require a trial court to consider a party's diligence in determining whether a final judgment has been entered, it most certainly does not preclude the court from doing so. And, as I have explained, the record supports the trial court's conclusion here that ValueOptions was insufficiently diligent in these circumstances. Thus, I conclude the court did not abuse its discretion and would defer to its decision denying ValueOptions relief under ARCAP 9(a).

Denial of Rule 6(b) Motion

**¶53** I now turn to the trial court's denial of relief under Rule 6(b). The entirety of that rule has been set forth in ¶ 23 above. The majority concludes that Rule 6(b) is ambiguous, requiring an attempt to harmonize the rule with the majority's interpretation of ARCAP 9(a). Although I agree that Rule 6(b) may be inartfully worded, I cannot conclude it is ambiguous. Instead, the only reasonable interpretation of the rule's language is that, in these circumstances, a party must show excusable neglect, irrespective of whether it timely received notice of the entry of judgment.[19]

---

[19]Of course, whether a party received notice is relevant to whether the party's untimely filing was excusable.

¶54       Rule 6(b) is a single sentence, separated by a semicolon. A semicolon is used to separate two independent clauses that are nonetheless related. *See Saxon v. Lloyd's of London*, 646 So. 2d 631, 634 (Ala. 1994); *Webster's Third New International Dictionary* 2063 (1971) (a semicolon is "used to separate the independent clauses of a compound sentence"). But the presence of a semicolon separating the clauses does not mean we should read them as wholly independent. The text of the rule plainly states otherwise. The portion following the semicolon is phrased in the negative—stating the court "may not extend the time for taking any action" under the enumerated rules unless it finds the party did not receive timely notice from the clerk and that no party would be prejudiced if time were extended. The trial court's power to extend time is defined in the first part of Rule 6(b)—section (2) of which requires a party to demonstrate excusable neglect if the Rule 6(b) motion is made after the time for the original motion has expired. The phrase following the semicolon does not give the trial court a separate power to extend the time for those motions, but instead further limits the power conferred by the first portion of the rule.[20]

¶55       Thus, the rule's requirements that a trial court may not "extend the time for taking any action under Rules 50(b), 52(b), 59(d), (g), and (*l*), and 60(c)," without finding that the party did not receive timely notice of the judgment and that no party would be

---

[20]The majority states in ¶26 that "Haroutunian acknowledges that the portion of Rule 6(b) pertinent to ValueOptions' motion has no excusable neglect or good cause elements." Merely because a party has misinterpreted a rule in a way that does not favor its position, however, does not mean we may abdicate our responsibility to apply properly the rule's plain language.

prejudiced, are in addition to—not instead of—a finding of excusable neglect under Rule 6(b)(2). Because the language of the rule is unambiguous, there is no need to attempt to "harmonize" Rule 6(b) with ARCAP 9(a).[21] *See Fragoso v. Fell*, 210 Ariz. 427, ¶ 7, 111 P.3d 1027, 1030 (2005) ("We interpret statutes and rules in accordance with the intent of the drafters, and we look to the plain language of the statute or rule as the best indicator of that intent. If the language is clear and unambiguous, we give effect to that language and do not employ other methods of statutory construction.") (citation omitted).

¶56        Even were Rule 6(b) ambiguous, we need not conclude a party must make the same showing under ARCAP 9(a) and Rule 6(b) in order to be granted relief. Rule 6(b) governs extensions of time for motions made before the same court that issued the ruling or judgment the motion seeks to challenge. A trial court's decision to grant relief under those motions is discretionary, and a party typically must file its motion within only fifteen days of entry of judgment.[22] In contrast, a notice of appeal is the first step in seeking a wholly

---

[21]I note the majority is somewhat imprecise when it states in ¶ 24 that the amendments to ARCAP 9(a) and Rule 6(b) "prescrib[e] two, but only two, conditions for enlarging the time" to file either an appeal or certain post-judgment motions. Again, whether to grant relief under ARCAP 9(a) is within the court's discretion and, in my view, that discretion permits a trial court to require the moving party to provide some reason for the court to grant the relief sought. Furthermore, by its plain language, Rule 6(b) requires a moving party to demonstrate excusable neglect. Additionally, in ¶ 27, the majority suggests it is "somewhat confusing[]" that the language requiring a showing of excusable neglect was "retained, unchanged, in Rule 6(b) even after the 1994 amendment." I see no reason for confusion. The language was retained because a party must now, just as before the amendment, make that showing to obtain relief under the rule.

[22]*See Hutcherson v. City of Phoenix*, 192 Ariz. 51, ¶ 12, 961 P.2d 449, 451 (1998) ("We review the trial judge's decision to deny post-trial motions for an abuse of discretion,

new review of the trial court's rulings, and a party must file its notice within thirty days—twice the time permitted for the motions enumerated in Rule 6(b). ARCAP 9(a). It is reasonable to conclude our supreme court intended to establish different criteria for extending the time to file in these different circumstances. A party that fails to file a timely motion enumerated in Rule 6(b) still has an available remedy by appeal for most errors made during trial. In contrast, if a party fails to file timely its notice of appeal, the failure is jurisdictional, and we must dismiss the appeal. *See James v. State*, 215 Ariz. 182, ¶ 11, 158 P.3d 905, 908 (App. 2007). It is not surprising, then, that our supreme court would give a trial court more flexibility in deciding whether to grant relief under ARCAP 9(a) than under Rule 6(b); the consequences of failing to file a timely appeal are usually more serious.

**¶57** As I have already discussed, the trial court did not abuse its discretion in finding ValueOptions insufficiently diligent in attempting to determine whether a final judgment had been entered in its case. For the same reasons, it did not abuse its discretion in finding ValueOptions had not shown excusable neglect and in therefore denying its Rule 6(b) motion.

---

recognizing that he had substantial latitude in deciding whether to upset the verdict."); *Maher v. Urman*, 211 Ariz. 543, ¶ 21, 124 P.3d 770, 777 (App. 2005) ("We review a trial court's ruling on a motion for relief from judgment under Rule 60(c) for an abuse of discretion."); *see also* Ariz. R. Civ. P. 50(b), 52(b), 59(d), (g), (*l*) (motions must be filed within fifteen days of entry of judgment); *but see* Ariz. R. Civ. P. 60(c) (motion must be filed "within a reasonable time").

Appellate Jurisdiction

**¶58**        That the trial court did not abuse its discretion in denying ValueOptions' motion to extend its deadline for taking an appeal raises the question of the timeliness of ValueOptions' appeal of the February 21 judgment. ValueOptions filed its notice of appeal more than ninety days after the judgment was entered in February, well past the thirty-day limit. *See* ARCAP 9(a). "'It is settled in Arizona that the perfecting of an appeal within the time prescribed is jurisdictional; and, hence, where the appeal is not timely filed, the appellate court acquires no jurisdiction other than to dismiss the attempted appeal.'" *James*, 215 Ariz. 182, ¶ 11, 158 P.3d at 908, *quoting Edwards v. Young*, 107 Ariz. 283, 284, 486 P.2d 181, 182 (1971). ValueOptions argues, however, that we should treat Haroutunian's motion to reconsider the trial court's denial of attorney fees and costs as a motion extending the time to appeal pursuant to ARCAP 9(b).

**¶59**        A motion for reconsideration is not among the four motions listed in ARCAP 9(b) that extend the time for appeal: (1) a motion for judgment notwithstanding the verdict pursuant to Rule 50(b); (2) a motion to amend or make additional factual findings pursuant to Rule 52(b); (3) a motion to alter or amend the judgment pursuant to Rule 59(*l*); and (4) a motion for new trial pursuant to Rule 59(a). A motion styled as something other than one of those four motions may, however, toll the time for an appeal if the motion "'both refer[s] to [R]ule 59 as authority for the motion and describe[s] grounds set forth in that rule.'" *James*, 215 Ariz. 182, ¶ 15, 158 P.3d at 909, *quoting Farmers Ins. Co. v.*

43

*Vagnozzi*, 132 Ariz. 219, 221, 644 P.2d 1305, 1307 (1982). The supreme court in *Vagnozzi* also stated that, when a trial court states on the record its intention to treat a motion as a Rule 59 motion, "the motion will also be treated by appellate courts as one under [R]ule 59[]." *Vagnozzi*, 132 Ariz. at 222, 644 P.2d at 1308.

**¶60** Haroutunian's motion neither cited Rule 59 nor referred to any of the grounds for relief the rule enumerates. Nor did the trial court treat the motion as one made pursuant to Rule 59, referring to it instead as a motion for reconsideration. Thus, it does not meet the requirements described by *Vagnozzi*, and we therefore may not treat it as a motion extending the time for appeal. *See James*, 215 Ariz. 182, ¶¶ 7, 18, 158 P.3d at 907, 909-10 (declining to treat "Objection to Defendant's Final Judgment" as motion to amend judgment). Accordingly, ValueOptions' notice of appeal from the February 21 judgment was untimely, and we do not have jurisdiction to consider its appeal.

**¶61** Nor do we have jurisdiction to consider Haroutunian's cross-appeal, which sought to contest the trial court's refusal to award attorney fees in the February 21 judgment. A cross-appeal filed after an untimely notice of appeal is, necessarily, also untimely and must be dismissed. *See Phillips Constr. Co. v. Cook*, 808 S.W.2d 792, 794 (Ark. Ct. App. 1991); *Rolen v. Rhine*, 172 Cal. Rptr. 456, 457 (Ct. App. 1981); *Peltz v. Dist. Court of Appeal, 3d Dist.*, 605 So. 2d 865, 866 (Fla. 1992); *Jarrard v. Copeland*, 421 S.E.2d 84, 85 (Ga. Ct. App. 1992); *Walton, Inc. v. Jensen*, 979 P.2d 118, 123 (Idaho Ct. App. 1999).

44

Because there was no timely appeal of the February 21 judgment, there can be no timely cross-appeal from that judgment.

## Conclusion

¶62    For all the reasons stated above, I respectfully dissent. I would affirm the trial court's denial of ValueOptions' motions to extend the time to appeal and to enlarge the time for filing post-judgment motions. Further, I would dismiss ValueOptions' appeal of the final judgment entered on February 21 and Haroutunian's cross-appeal.

_____
J. WILLIAM BRAMMER, JR., Judge