NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

KATHY WYER NP-C, an Arizona Professional Limited Liability
Company, *Plaintiff/Appellant*,

*v.*

SHAWN HERMENAU, MD and JESSICA HERMENAU, husband and
wife, and DESERT SPINE INSTITUTE PLLC, Arizona Professional
Limited Liability Company, *Defendants/Appellees*.

No. 1 CA-CV 17-0491
FILED 8-14-2018

---

Appeal from the Superior Court in Yuma County
No. S1400CV201500116
The Honorable Lawrence C. Kenworthy, Judge

**AFFIRMED**

---

COUNSEL

Don B. Engler PC, Yuma
By Don B. Engler
*Counsel for Plaintiff/Appellant*

Schneider & Onofry PC, Yuma
By Charles D. Onofry, Luane Rosen
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge Jennifer M. Perkins joined.

---

**B R O W N**, Judge:

¶1   Kathy Wyer NP-C, PLLC ("Wyer"), appeals the superior court's order denying her motion to reopen the time for appeal of the underlying judgment.[1] For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2   Wyer filed a complaint against Shawn Hermenau, M.D., Jessica Hermenau, and Desert Spine Institute, PLLC (collectively, "Desert Spine"), alleging claims related to work she performed for Desert Spine. At trial, the superior court directed a verdict for Desert Spine on two of Wyer's claims, and the jury found in favor of Desert Spine on the remaining claims. The court later awarded Desert Spine its attorneys' fees and costs.

¶3   On December 14, 2016, the superior court signed Desert Spine's proposed form of judgment, which included the attorneys' fees and cost awards and certification of finality pursuant to Arizona Rule of Civil Procedure ("Rule") 54(c). That morning, the judge's judicial assistant emailed an unconformed copy of the signed judgment to the parties' counsel and wrote: "Attached is a scanned copy of the judgment entered in the above referenced matter. The original and copies will be forwarded to the Clerk of the Court for filing and distribution." The superior court clerk entered the judgment later that day, but did not distribute a notice of entry of judgment as required by Rule 58(c). Desert Spine's counsel received a conformed copy of the judgment in its courthouse mailbox, and although it was his practice to notify opposing counsel of the judgment as Rule 58(c)(1)(B) allows, there is no evidence he did so in this case. Desert Spine did, however, record a certified copy of the judgment in the Yuma County Recorder's Office on December 16, 2016.

---

[1] Although Wyer is an entity, for ease of reference we refer to it as "her" and "she."

¶4          On December 29, 2016, the last day to timely do so, Wyer filed a motion for new trial. The superior court denied the motion in a signed order entered February 15, 2017. On March 6, 2017, Desert Spine requested an award of the attorneys' fees and costs it incurred in responding to the motion for new trial.

¶5          On April 11, 2017, while Desert Spine's request for attorneys' fees was pending, Wyer filed a motion to reopen the time for appeal. She asserted that her counsel had only learned on April 10, 2017, when counsel's staff searched the court file, that the judgment had been entered on December 14, 2016, because the court clerk did not send the required notice of entry of judgment. Wyer asked the court to reopen the time to appeal the judgment under Arizona Rule of Civil Appellate Procedure ("ARCAP") 9(f), which provides that the superior court "may" reopen the time for filing a notice of appeal if the following conditions are satisfied: (1) the moving party did not receive notice of the judgment or order within 21 days after entry; (2) the motion seeking relief is filed within 30 days after the expiration of the time for appeal; and (3) no party would be prejudiced.

¶6          Wyer argued she satisfied these criteria because (1) the clerk did not provide notice of the judgment under Rule 58(c); (2) the time for appeal expired on March 17, 2017, and she filed her request to reopen within 30 days of that date; and (3) the delayed appeal would not prejudice Desert Spine. The superior court denied Wyer's motion to reopen, ruling that although Wyer satisfied ARCAP 9(f)'s three elements, it would exercise its discretion to deny the motion because it determined that Wyer's counsel "knew or believed" that the court had entered the judgment on December 14, 2016. This timely appeal followed.

## DISCUSSION

¶7          Wyer argues the superior court erred in denying the motion to reopen, asserting that the court applied an incorrect legal standard by considering whether Wyer believed or had actual notice of the entered judgment before April 10, 2017. We review the superior court's denial of a motion to reopen the time to appeal for an abuse of discretion. *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 544, ¶ 6 (App. 2008).

¶8          ARCAP 9(f)[2] was amended in 1994 "to allow extension of the time to appeal when the clerk fails to give notice of entry of judgment, but

---

[2]      ARCAP 9(f) was previously numbered ARCAP 9(a) but was not materially different. For clarity, we refer only to ARCAP 9(f).

under very limited time constraints and other circumstances." *J.C. Penny v. Lane*, 197 Ariz. 113, 116, ¶¶ 16-17 (App. 1999). The superior court is not required to grant relief if all the conditions of ARCAP 9(f) are satisfied, but has discretion to deny relief based on procedural, factual, and equitable considerations. *See Haroutunian*, 218 Ariz. at 546-47, ¶¶ 14-15. In *Haroutunian*, the clerk of the court did not timely provide notice of the judgment to the parties and, in fact, erroneously told the defendant the court had not entered a judgment. *Id.* at 543-44, ¶ 3. The superior court denied the defendant's motion to extend the time for filing an appeal because the defendant did not show "excusable neglect" or "good cause" for its failure to ascertain whether the court had entered the judgment. *Id.* at 545, ¶ 9.

**¶9** On appeal, this court held that the trial court erred as a matter of law because it applied an incorrect legal standard by requiring the defendant to establish "good cause" or "excusable neglect" in addition to the ARCAP 9(f) requirements. *Id.* at 545, ¶¶ 12-13. Although we recognized that the court retains discretion under ARCAP 9(f), we noted that its determination that the defendant had not acted reasonably under the circumstances was not based on any evidence or a weighing of conflicting facts, but was simply a conclusion that overlooked several undisputed facts. *Id.* at 547, ¶¶ 15-16. And because both parties were not aware that the judgment had been entered until after the time for filing post-trial motions and a notice of appeal, the trial court's ruling was inconsistent with ARCAP 9(f). *Id.* at ¶ 18.

**¶10** Wyer suggests that because the superior court found she had satisfied all three elements of ARCAP 9(f), it had no discretion to deny her motion to extend. Relying on *Haroutunian*, Wyer contends that by considering whether she believed or had actual notice of the entered judgment, the court improperly imposed an additional legal element under ARCAP 9(f). We disagree. The court's analysis of Wyer's belief or actual notice was part of its discretionary consideration of all the facts and circumstances. And the court expressly declined to address whether Wyer's counsel acted reasonably after he received the December 14 email, noting the *Haroutunian* court's ruling that good cause and excusable neglect are not issues a court should consider under ARCAP 9(f). Instead, the court exercised its discretion to deny Wyer's motion to reopen because it found her counsel knew or believed that the court had entered the judgment before the motion for new trial was filed.

**¶11** The court's conclusion was based on comments made by Wyer's counsel at oral argument indicating that (1) counsel searched the

court file in April 2017 because he was uncertain "whether the 30 day appeal period began to run" after the court entered an order denying the motion for new trial on February 15, 2017; and (2) counsel was unsure whether the appeal period had started due to a pending March 6 motion for attorneys' fees filed by Desert Spine. The court found "this thought process significant because the 30 day appeal period never even begins unless an appealable judgment, like the one entered on December 14, 2016, is entered. No matter how many motions referenced in Rule 9(e)(1) are filed and decided, the 30 day period cannot begin until a judgment is entered." The court therefore concluded that Wyer's counsel knew or believed that the December 14, 2016 judgment had been entered because he would not have thought the time for appeal would start running from the denial of the motion for new trial unless he was aware an appealable judgment had been entered. *See* ARCAP 9(a) ("To appeal a judgment, a party must file a notice of appeal under Rule 8 no later than 30 days after entry of the judgment from which the appeal is taken, except as otherwise provided in this Rule or unless the law provides a different time."); Rule 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies.").

**¶12** Wyer argues the superior court erred in relying on what her counsel said at oral argument because those comments concerned the timeliness of her ARCAP 9(f) motion to reopen, not the notice of appeal. Although not clearly stated, Wyer appears to contend the comments were directed at whether she had filed that motion within 30 days after the expiration of the time for appeal, because it was not clear that the court had fully resolved the motion for new trial given Desert Spine's pending request for attorneys' fees.[3] That distinction, however, does not change the relevant analysis; either way, counsel understood the time for appeal would commence when the court resolved the motion for new trial and therefore, it follows, counsel knew that the court had entered the judgment. *See* ARCAP 9(e) (explaining that the deadline to file a notice of appeal when a party "timely and properly" files a motion for new trial "begins to run from the entry by the superior court clerk of a signed written order disposing of the last such remaining motion").

**¶13** Accordingly, the superior court did not impose a new legal standard, but assessed the relevant procedural, factual, and equitable

---

[3] Wyer does not assert that the time to appeal the judgment started when the superior court ruled on Desert Spine's motion for an award of attorneys' fees related to the motion for new trial. Thus, we do not consider that issue.

considerations and exercised its discretion under ARCAP 9(f) to deny Wyer's motion to reopen. Moreover, unlike the circumstances in *Haroutunian*, there were factual issues in this case regarding whether Wyer had actual notice of the entry of judgment. Counsel admitted that he received the court's email, with a signed copy of the judgment attached, stating that the court was forwarding the judgment to the court clerk for filing. Although counsel avowed that he did not learn until April that the court had entered the judgment almost four months earlier, the record indicates that Wyer filed her motion for new trial on the last day to timely do so, December 29, 2016.

**¶14**     Based upon this timing and counsel's admitted belief that the time to appeal would begin to run once the court resolved the motion for new trial, the superior court could reasonably infer that counsel "knew or believed" the judgment had been entered. We defer to a discretionary decision unless the undisputed facts compel a different result. *Cf. City of Phoenix v. Geyler*, 144 Ariz. 323, 330 (1985) ("[O]n appeal from denial of Rule 60(c) relief, the trial court will be sustained unless 'undisputed facts and circumstances require a contrary ruling . . . .'") (quoting *Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117, 121 (1957)); *United Metro Materials, Inc. v. Pena Blanca Properties, L.L.C.*, 197 Ariz. 479, 483, ¶ 22 (App. 2000) (concluding the superior court did not abuse its discretion by granting the defendant an extension of time to file a Rule 59 motion where counsel avowed he did not receive notice of the judgment and the record did not contain any contrary evidence). Under the circumstances of this case, we find no abuse of discretion in the superior court's decision to deny Wyer's ARCAP 9(f) motion to reopen.

## CONCLUSION

¶15 For the foregoing reasons, we affirm. Both parties request an award of attorneys' fees on appeal pursuant to A.R.S. § 12-341.01, which allows an award of reasonable fees to the successful party in a contract action. We deny Wyer's request because she did not prevail on appeal. In our discretion, we also deny Desert Spine's request. We award taxable costs, however, to Desert Spine upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA